UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD VAN HORN,

       Plaintiff,                             CIVIL ACTION NO. 12-11880

       v.                                    DISTRICT JUDGE GEORGE CARAM STEEH

JAMES S. WALTON,                      MAGISTRATE JUDGE MARK A. RANDON
C. GOMEZ,
FEDERAL BUREAU OF PRISONS,
BARDSLY,

       Defendants.
_____/

**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY INJUNCTION**

This matter is before the Court on Plaintiff's Emergency Motion for a Temporary Injunction." (Dkt. #6).  Plaintiff, an inmate at FCI Milan, filed a civil lawsuit under 42 U.S.C. 1983, claiming violations of his rights under the United States Constitution.  Plaintiff directs the Court's attention to 28 U.S.C. §2241 and Rule 23(a) of the U.S. Department of Justice Federal Bureau of Prisons Program Statement ("Program Statement").  Plaintiff asks the Court to prevent the staff from transferring him to another institution until his case is resolved.

Pursuant to the Program Statement:

**Administrative Office of the U.S. Courts**.  The court of conviction may recommend to the Attorney General or the Bureau that the defendant be retained at, or transferred to, a place of confinement near the place of trial or the court of appeals, for a period reasonably necessary to permit the defendant to assist in the preparation of his or her appeal.  Upon receiving this recommendation, the Bureau will make every effort to place the inmate in such a facility.  If a reason exists for not placing the inmate in that facility, the court must be notified of the situation

>   and an attempt will be made to arrive at an acceptable place of confinement.
>
>   Ordinarily, complicated jurisdictional or legal problems should be resolved before transfer.  Ordinarily, the sending Case Management Coordinator will determine if an inmate has legal action pending in the district in which confined.  If so, the individual should not be transferred without prior consultation with the appropriate U.S. Attorney or Regional Counsel, or both.  Under Rule 23(a) of the Federal Rules of Appellate Procedures, an inmate may not be transferred, pending review of a Habeas Corpus proceeding commenced before a court, without the approval of the court.  Approval for transfer should be sought through the U.S. Attorney or Regional Counsel in cases where a Habeas Corpus petition is pending.

28 U.S.C. §2241 outlines when a district court can grant writs of habeas corpus.

First, neither Rule 23(a) nor 2241 is applicable; Plaintiff does not have a pending habeas corpus petition.  Second, the Program Statement seems to apply to an appeal of the underlying criminal conviction, not to Plaintiff's civil case.  Finally, Plaintiff's conviction occurred in the Northern District of Illinois, which means this Court is not the court of conviction.

For the above-mentioned reasons, this Magistrate Judge **RECOMMENDS** Plaintiff's motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
Mark A. Randon<br>
United States Magistrate Judge

Dated: June 15, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 15, 2012, by electronic and/or ordinary mail.*

*s/Melody Miles*<br>
*Case Manager*