UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD VAN HORN, #49115-019,

      Plaintiff,                            CIVIL ACTION NO. 12-11880

      v.                                   DISTRICT JUDGE GEORGE CARAM STEEH

JAMES S. WALTON, C. GOMEZ,      MAGISTRATE JUDGE MARK A. RANDON
LT. BARDSLY, and FEDERAL
BUREAU OF PRISONS,

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS (DKT. NO. 20)**

**I.    INTRODUCTION**

On April 26, 2012, Plaintiff, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed this *Bivens* action[1] against the BOP, FCI-Milan Warden James S. Walton, FCI-Milan Captain C. Gomez, and FCI-Milan Special Investigative Supervisor Lt. Bardsly (collectively, "Defendants") alleging a conspiracy and violations of his due process based on removal from a drug program, placement under investigation, and transfer to another facility (Dkt. No. 1).[2]

---

[1] *Bivens* actions are those brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which allows an action against federal employees for violations of constitutionally protected rights. A *Bivens* action is analogous to a claim under 42 U.S.C. § 1983, except the action is brought against a federal employee acting under color of federal law rather than a state employee under color of state law. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[2] On October 3, 2012, Plaintiff filed a Motion for Leave to Amend Complaint (Dkt. No. 41). Plaintiff seeks to add two defendants. Defendants responded on October 25, 2012 (Dkt. No. 51). For the reasons stated in this Report and Recommendation, Plaintiff's motion is **DENIED AS FUTILE**. *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) ("[a] court need not grant leave to amend . . . where amendment would be 'futile.'

This matter is before the Court on Defendants' Motion to Dismiss (Dkt. No. 20).[3] Defendants argue that Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies.

For the following reasons, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)).

A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

---

Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss") (citations omitted).

[3]On September 26, 2012, Plaintiff filed a Motion for Extension of Time in Regards to Court Order Requiring Plaintiff to File a Response (Dkt. No. 38). Plaintiff requests until December 1, 2012 to respond to Defendants' motion. This motion is **DENIED AS MOOT**. On November 5, 2012, Plaintiff filed an Amended Complaint. While the Court denies Plaintiff's request to add additional defendants – see footnote 2, above – the Court will construe Plaintiff's Amended Complaint as a response to Defendants' Motion to Dismiss. *See* Dkt. No. 53 at 17-37 ("Exhaustion of Remedies"); *see also* Dkt. No. 57 at pgs. 2-30 ("[i]n fact, the [A]mended Complaint demonstrates how Plaintiff did exhaust his remedies").

The Court's consideration of such a document does not require conversion of the motion to one for summary judgment. *Id.*

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct Plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). In other words, a court's duty to liberally construe a *pro se* complaint:

> does not require [the court] to conjure up unpled allegations, or to create a claim for a plaintiff. To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."

*Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Armstead v. Bush*, 2005 WL 1503556 at *2 (W.D. Ky. Jun. 23, 2005) (internal citations and quotation marks omitted); accord *Watson v. United Bank and Trust*, 2012 WL 1606057 (E.D. Mich. April 10, 2012) adopted by 2012 WL 1606073 (E.D. Mich. May 08, 2012).

## III.     GRIEVANCE PROCESS FOR FEDERAL PRISONERS

### A.     The BOP's Four-Step Grievance Procedure

An administrative grievance process is available to federal prisoners to address conditions of confinement. The BOP has a four-step administrative process for resolving inmate grievances.

At the first step, the inmate is required to "present an issue of concern informally to staff[.]" *See* 28 CFR §542.13(a).

If the issue is not resolved informally, the inmate may then submit a "formal written Administrative Remedy Request, on the appropriate form (BP-9), [] 20 calendar days following the date on which the basis for the Request occurred." 28 CFR §542.14(a).

If the inmate is still not satisfied, he or she may submit an "Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 CFR §542.15(a).

The final step in the administrative process is an "Appeal . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.*

### B. The BOP's Two-Step Grievance Procedure

Inmates have another available administrative remedy: the shorter two-step administrative remedy procedure:

> [i]f the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director [and] [i]f the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted.

28 CFR §542.14(d)(1). The inmate would then submit only one Appeal to the BOP Central Office.

If the Regional Administrative Remedy Coordinator does not agree that the inmate's Request is sensitive, the inmate will be advised in writing, and he or she may submit an Administrative Request locally to the Warden. 28 CFR §542.14(d)(1).

### C. The Meaning and Purpose of Proper Exhaustion

Under the Prison Litigation Reform Act of 1995 ("PLRA"), an inmate must first have exhausted "such administrative remedies as are available" before filing suit in federal court. 42 U.S.C. §1997e(a). In *Porter v. Nussle*, 534 U.S. 516, 525 (2002), the Supreme Court explained that one of the purposes served by the exhaustion requirement is to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." In *Woodford v. Ngo*, 548 U.S. 81, 95 (2006), the Supreme Court stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have an opportunity unless the grievant complies with the system's critical procedural rules."

Thus, where a prisoner abandons the administrative process and fails to complete all steps, he has failed to exhaust his remedies in compliance with the PLRA. *Jackson v. Walker*, 2008 WL 559693 at *7 (E.D. Ky. Feb. 27, 2008). Indeed, a prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997) *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). A prisoner may not abandon the process before completion and then claim that he exhausted his remedies or argue that it is now futile for him to do so. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *see also Moorer v. Price*, 83 Fed.Appx. 770, 771 (6th Cir. 2003) ("[t]he prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations").

As the United States Supreme Court has held, the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense . . . and inmates are not required to specially plead or demonstrate exhaustion in their complaints"). The Supreme Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. *Id*. at 218. Thus, exhaustion is satisfied if the plaintiff complied with the prison's grievance procedures, and the defendant bears the burden of establishing otherwise. *See Kramer v. Wilkinson*, 226 Fed.Appx. 461, 462 (6th Cir. 2007) (A prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants").

**IV.   ANALYSIS**

    **A.   Plaintiff's Attempt to Utilize the BOP's Four-Step Grievance Procedure**

Plaintiff argues that he attempted to present his issue informally to staff in compliance with 28 CFR §542.13(a), but the issue was not resolved (Dkt. No. 53 at pgs. 17-22).[4]

Moving to step-two of the grievance procedure, Plaintiff argues that he submitted a BP-9 form in compliance with 28 CFR §542.14(a) (case number 687676-F1). However, this form was not submitted until May 12, 2012 – after Plaintiff filed his Complaint in federal court (Dkt. No.

---

[4]Plaintiff argues that his Unit Team Member, Case Manager Healey, refused to provide him the Request for Informal Resolution form BP-8.5 (Dkt. No. 53 at p.19). Even assuming Plaintiff complied with step-one, he did not comply with step-two. Therefore, this Magistrate Judge finds Plaintiff abandoned the process and did not properly exhaust his administrative remedies. *See Morris*, 111 F.3d at 417 n.3.

53 at p.28).[5]  Accordingly, this Magistrate Judge finds Plaintiff did not exhaust his administrative remedies. *See Modena v. Bureau of Prisons*, 80 Fed.Appx. 433, 434 (6th Cir. 2003) (concluding that the inmate failed to exhaust administrative remedies when he failed to file his form BP-9 prior to filing suit); *see also Freeman*, 196 F.3d at 645:

> [w]hile we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed. The plain language of the statue makes exhaustion a precondition to filing an action in federal court.

(citations omitted).

Plaintiff did not appeal case number 687676-F1 past step two.[6]

### B.      Plaintiff's Attempt to Utilize the BOP's Two-Step Grievance Procedure

In addition to the four-step grievance procedure, Plaintiff also attempted to utilize the BOP's two-step grievance procedure, because he believed the issue was sensitive and his safety or well-being would be placed in danger if the Request became known at the institution. *See* 28 CFR §542.14(d)(1).

#### 1.      Case Number 682037-R1

On March 22, 2012, Plaintiff submitted a written Administrative Remedy Request directly to the Regional Director (Dkt. No. 53 at p.17; Dkt. No. 21; Attachment C).  This Request was given case number 682037-R1 (Dkt. No. 21; Ex. 2).

---

[5] According to Defendants, the Warden received this Request on May 9, 2012 (Dkt. No. 21; Ex.2). Regardless of the date on which this Request was filed, however, Plaintiff still abandoned the process and did not properly exhaust his administrative remedies. *See Morris*, 111 F.3d at 417 n.3.

[6] The Warden responded on July 3, 2012 (Dkt. No. 21; Ex. 2).

The North Central Regional Office received Plaintiff's Request on March 26, 2012 (Dkt. No. 21; Ex. 2), and rejected it for four reasons: (1) the issue was not sensitive; (2) the Request was submitted to the wrong level; (3) Plaintiff did not file a BP-9 Request to the Warden; and (4) Plaintiff did not attempt informal resolution before submitting his Request (Dkt. No. 21; Ex. 2).

Plaintiff did not appeal this rejection, and thus, failed to exhaust his administrative remedies as to case number 682037-R1. *See Morris*, 111 F.3d at 417 n.3.

### 2. Case Number 685331-R1

On April 14, 2012, Plaintiff submitted a second Request directly to the Regional Director (Dkt. No. 21; Attachment D), and the North Central Regional Office received it on April 17, 2012 (Dkt. No. 21; Ex. 2). This Request was given case number 685331-R1 (Dkt. No. 21; Ex. 2).

On April 20, 2012, the Regional Administrative Remedy Coordinator rejected it for four reasons: (1) the issue was not sensitive; (2) the Request was submitted to the wrong level; (3) Plaintiff did not file a BP-9 Request to the Warden; and (4) Plaintiff did not attempt informal resolution before submitting his Request (Dkt. No. 21; Attachment D). At this point, Plaintiff had the option to submit an Administrative Request locally to the Warden. *See* 28 CFR §542.14(d)(1). Plaintiff also could have appealed the Coordinator's decision that his claim was not sensitive. *See Nunez v. Duncan*, 591 F.3d 1217, 1228 (9th Cir. 2010) (finding plaintiff did not pursue the issue further, "either by appealing the Regional Director's decision that his . . . claim was not sensitive or by filing a request with the Warden").

Plaintiff submitted an Administrative Request to the Warden (case number 687676-F1), and he appealed the Coordinator's decision to the BOP Central Office. However, these

documents were not filed until May 12, 2012 – after Plaintiff filed his Complaint in federal court (Dkt. No. 53 at pgs. 28, 34; Dkt. No. 21; Attachment D).[7]

Accordingly, this Magistrate Judge finds Plaintiff did not exhaust his administrative remedies before filing this lawsuit. *See Modena*, 80 Fed.Appx. at 434; *see also Freeman*, 196 F.3d at 645.

**V.    CONCLUSION**

For the above-stated reasons, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Dkt. No. 20) be **GRANTED** and Plaintiff's Complaint **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

---

[7]The Central Office received Plaintiff's Request on May 25, 2012, and it was rejected on June 14, 2012 for not being considered a sensitive issue (Dkt. No. 21; Ex. 2).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: November 30, 2012

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 30, 2012, electronically and a copy sent via first class mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*