UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD VAN HORN,

        Plaintiff,

vs.

Case No. 12-CV-11880
HON. GEORGE CARAM STEEH

JAMES S. WALTON, C. GOMEZ,
FEDERAL BUREAU OF PRISONS,
BARDSLY,

        Defendants.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION GRANTING DEFENDANTS'
MOTION TO DISMISS WITHOUT PREJUDICE [DOC. 59] AND DENYING
PLAINTIFF'S TWO MOTIONS FOR RECONSIDERATION [DOC. 62 AND 66]

    This matter comes before the court on plaintiff Edward Van Horn's objections to the report and recommendation to grant defendant's motion to dismiss [doc. 20] as well as plaintiff's motions for reconsideration of this court's December 5, 2012 order dismissing the FBI as a defendant and denying plaintiff's request to substitute the United States as a defendant, and the magistrate judge's November 30, 2012 order denying plaintiff's motion for leave to amend complaint.

    Plaintiff objects to the magistrate's conclusion that he failed to exhaust his administrative remedies with regard to his *Bivens* claim. The complaint alleges that defendants conspired to violate plaintiff's due process rights by removing him from a drug program, placing him under investigation, and transferring him to another facility. A civil action in federal court challenging any aspect of prison life must first exhaust

such administrative remedies as are available. 42 U.S.C. § 1997e(a). In this case plaintiff has failed to follow the established administrative grievance process by either failing to attempt to informally resolve his complaint, or by failing to file his complaint at the proper level. The court agrees with the magistrate's recommendation that the complaint be dismissed without prejudice for failure to exhaust administrative remedies.

The court has reviewed the file, record, and magistrate judge's report and recommendation. Objections to that report have been filed by plaintiff within the established time period and have been duly considered. The court ACCEPTS the magistrate judge's report and recommendation for the reasons stated by the magistrate judge and as discussed above, and GRANTS defendants' motion to dismiss. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Plaintiff's original complaint did not allege a claim under the Federal Tort Claims Act (FTCA). Plaintiff then sought to substitute the United States for the Federal Bureau of Prisons in a tort action under the FTCA. The court denied plaintiff's request on the grounds that such an amendment would be futile. Plaintiff now seeks reconsideration of that ruling.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff does not have proof to support his contention that he exhausted his administrative remedies prior to filing his lawsuit. *See Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002). Plaintiff filed his complaint on April 26, 2012, but did not file an administrative claim for damages under the Federal Tort Claims Act with the Bureau of Prisons until September 17, 2012. Even if the Bureau of Prisons had a record of plaintiff's tort claim allegedly filed on February 29, 2012, which it does not, simply filing a claim with the appropriate agency is not enough. Under the FTCA, a claim must "have been finally denied by the agency in writing" before the plaintiff may bring suit. 28 U.S.C. § 2675(a).

Plaintiff does not identify a palpable defect by which the court was misled. For the reasons stated above, plaintiff's motion for reconsideration in which he seeks to substitute the United States as a party to a claim under the FTCA is DENIED.

Finally, plaintiff seeks to have the court reconsider accepting his proposed amendment to his complaint. For the reasons stated above, this motion to reconsider is DENIED as futile. A "premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" *Toomey v. United States*, 2012 WL 876801 (E.D. Ky. 2012) (quoting *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999).

Dated: January 9, 2013

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 9, 2013, by electronic and/or ordinary mail and also on Edward Van Horn, #49115-019, Allenwood Low Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, White Deer, PA 17887.

s/Barbara Radke
Deputy Clerk